**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**GIFT ALFA,**

Petitioner,

v. Civil Action No. **3:26CV734 (RCY)**

**JEFFREY CRAWFORD, *et al.*,**

Respondents.

**MEMORANDUM ORDER**
**(Serving 28 U.S.C. § 2241 Petition & Denying Show Cause)**

This matter is before the Court on the Amended Petition (ECF No. 8) filed by Gift Alfa ("Petitioner"), which contains a request that this Court issue an Order to Show Cause directing Respondents to respond to the petition within three days. With respect to the Amended Petition (hereinafter simply, "Petition"), Petitioner has paid the full filing fee, and the Petition is properly signed pursuant to Rule 2(c)(5) of the Rules Governing § 2254[1] Cases in U.S. District Courts (hereinafter, "Habeas Rules"). Accordingly, it is **ORDERED** that the Petition shall be **FILED**. Service shall be made upon Respondents by electronically transmitting a copy of this Memorandum Order and the Petition to the United States Attorney for this District.

The Court turns next to Petitioner's request for Order to Show Cause. Petitioner requests that the Court issue an Order to Show Cause directing Respondents to file a return within three days of the Court's order, showing cause, if any, why the writ of habeas corpus should not be granted. Pet. ¶ 17.

[1] As explained in the Court's prior Orders, Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

Although petitions under § 2241 were initially "governed by the aggressive time limits laid out in § 2243, such petitions are now governed by the § 2254 Rules," enacted in 1976. *D.G.L. v. Collins*, 2020 WL 10355163, at *2 (W.D. Tex. Nov. 18, 2020) (citing *Castillo*, 162 F. Supp. 2d at 577). Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). More specifically, the three-day time limit referenced in § 2243 is "subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the [Habeas Rules]." *See Maniar v. Warden Pine Prairie Corr. Ctr.*, 2018 WL 4869383, at *1 (W.D. La. May 2, 2018); *see also Taylor v. Gusman*, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020). Given this discretion under Rule 4, then, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *Zarefard v. Noem*, 2025 WL 1805864, at *2 (W.D. La. June 30, 2025); *see Castillo,* 162 F. Supp. 2d at 577 (noting a court's discretion under Rule 4 "prevails" over the strict time limits of § 2243). Further, before requiring a response or holding a hearing, courts may provide a respondent time to conduct a reasonable investigation. *Zarefard*, 2025 WL 1805864, at *2; *see, e.g., Baker v. Middlebrooks*, 2008 WL 938725, at *1 (N.D. Fla. Apr. 8, 2008) (allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 2008 WL 3835764, at *1 (E.D. Cal. Aug. 15, 2008) (same).

Exercising its discretionary authority to set deadlines under Rule 4 of the Habeas Rules, *Maniar*, 2018 WL 4869383, at *1, the Court **DENIES** the request for issuance of an Order to Show Cause and instead **ORDERS** Respondents to file a responsive pleading within THIRTY (30) days of the receipt of this Memorandum Order. Courts in other jurisdictions have deemed a sixty-day timeframe for filing responsive pleadings to be "warranted, commonplace, and reasonable under

Rule 4," *Zarefard*, WL 1805864, at *2, and thus the Court does not find the thirty-day timeframe to be unreasonable.

Petitioner MAY file a Reply to such Response within FOURTEEN (14) days of the filing of Respondents' brief.

The Court further ORDERS that Petitioner IS NOT to be removed or transferred from this district for any reason without this Court's Permission while the Petition is pending adjudication. If Petitioner has already been removed or transferred from this district, it is ORDERED that Petitioner IS NOT to be removed or transferred again without this Court's permission.

Let the Clerk file this Order electronically and notify all counsel accordingly.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Date: August 7, 2026
Richmond, Virginia